O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

HIRAM LAGRANT VAUGHN,
Plaintiff,
v.
CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,
Defendant.

Case No. CV 14-6575-SP

MEMORANDUM OPINION AND ORDER

**I.**

**INTRODUCTION**

On September 5, 2014, plaintiff Hiram Lagrant Vaughn filed a complaint against the Commissioner of the Social Security Administration ("Commissioner"), seeking review of a denial of Supplemental Security Income ("SSI") benefits. Plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

Plaintiff presents one issue for decision, whether the Administrative Law Judge ("ALJ") properly considered the opinions of one of plaintiff's examining physicians, Dr. Simonian, and two of plaintiff's non-examining physicians, Dr. Solomon and Dr. Colsky – particularly in assessing plaintiff's residual functional capacity ("RFC") and limiting plaintiff only to unskilled jobs requiring simple instructions. Plaintiff's Memorandum in Support of Complaint ("P. Mem.") at 3-9; Defendant's Memorandum in Support of Defendant's Answer and in Opposition to Plaintiff's Memorandum in Support of Plaintiff's Complaint ("D. Mem.") at 3-8.

Having carefully studied the parties' moving papers, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ properly considered the opinions of the three physicians at issue. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was forty-one years old on his SSI application date, has an eleventh grade education. AR at 24, 32, 39, 133, 260. His past relevant work includes employment as a caregiver, framer, brush clearer, and industrial cleaner. *Id.* at 24, 53, 68.

On May 17, 2011, plaintiff applied for SSI benefits, alleging he has been disabled since May 1, 1996 due to depression, bipolar disorder, schizophrenia, arthritis, stroke, and heart problems. *Id.* at 17, 133, 149. Plaintiff's application was denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 72-76, 79-83, 86-88.

Represented by an attorney, plaintiff appeared and testified at a hearing before the ALJ on February 27, 2013. *Id*. at 30-38. The ALJ also heard testimony

from vocational expert Howard Goldfarb. *Id.* at 38-41.

On March 8, 2013, the ALJ denied plaintiff's claim for benefits. *Id.* at 14-25. Plaintiff filed a timely request for review of the decision, which the Appeals Council denied. *Id.* at 12-13, 1-6.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since May 17, 2011, the application date. *Id.* at 19.

At step two, the ALJ found that plaintiff suffered from the severe impairments of schizophrenia, history of cannabis abuse, and history of alcohol and polysubstance dependance. *Id.*

At step three, the ALJ found that plaintiff's impairments, whether individually or in combination, did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1 (the "Listings"). *Id.*

The ALJ then assessed plaintiff's RFC,[1] and determined that plaintiff had the exertional RFC to perform a full range of heavy work, as defined in 20 C.F.R. §§ 416.967(d), could lift or carry 50 pounds frequently and up to 100 pounds occasionally, and could sit, stand, and walk 6 hours out of an 8-hour workday. *Id.* at 22. The ALJ also determined that plaintiff had the nonexertional RFC to understand and remember tasks, sustain concentration and persistence, socially

---

[1] Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989). Exertional limitations are strength-related limitations, while nonexertional limitations are non-strength-related, including mental, sensory, postural, manipulative, and environmental limitations. *Id*. at 1155 n.6-7. "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

interact with the general public, co-workers, and supervisors, and adapt to workplace changes frequently enough to perform unskilled, low stress jobs that require simple instructions. *Id*.

The ALJ found, at step four, that plaintiff was unable to perform any past relevant work. *Id.* at 24.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including tree trimmer helper, vehicle cleaner, and kitchen helper. *Id.* at 24-25. Consequently, the ALJ concluded that plaintiff did not suffer from a disability as defined by the Social Security Act. *Id*. at 25.

The ALJ's decision stands as the final decision of the Commissioner.

**III.**

**STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's

finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

**IV.**

**DISCUSSION**

Plaintiff challenges the ALJ's RFC assessment, arguing it fails to properly reflect the opinions of Dr. Simonian, Dr. Solomon, and Dr. Colsky despite purporting to give all three opinions "substantial" weight.[2] P. Mem. at 3-9; AR at 24. Plaintiff argues the ALJ erroneously claimed these opinions as consistent with the RFC assessment, when in fact they were all directly opposite to the ALJ's conclusion. P. Mem. at 6 n.2, 7. Thus, Plaintiff contends the ALJ "implicitly

---

[2] Plaintiff references only Dr. Simonian by name, but contends the ALJ also made "the same erroneous claim with respect to the State agency physicians" who concluded plaintiff could not perform work in public. P. Mem. at 6, n.2. Plaintiff's only citations in support of this claim are to the opinions of Dr. Solomon and Dr. Colsky, though other state agency physicians, Dr. Martha A. Goodrich and Dr. K. Beig, also issued disability determinations after reviewing plaintiff's medical records. *Id.*; *see* AR 51, 66. Defendant therefore addressed arguments concerning only the opinions of Dr. Colsky and Dr. Solomon. D. Mem. at 6-7. Dr. Goodrich and Dr. Beig contributed physical RFC assessments of plaintiff, while Dr. Solomon and Dr. Colsky contributed mental RFC assessments. AR 50-51, 65-66, 51-52, 66-67. Because plaintiff claims the ALJ's decision lacked substantial evidence only with respect to the determination concerning plaintiff's mental capabilities, the court will address the opinions of Dr. Solomon and Dr. Colsky and not those of Dr. Goodrich and Dr. Beig. P. Mem. at 4.

rejected" these opinions, particularly the opinion of Dr. Simonian, and that the reasons for discounting them were not specific and legitimate or supported by substantial evidence. *Id*. at 5, 7.

In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

In determining whether a claimant has a medically determinable impairment, among the evidence the ALJ considers is medical evidence. 20 C.F.R. § 404.1527(b). In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. § 404.1527(c), (e); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c)(1)-(2). The opinion of the treating physician is generally given the greatest weight because the treating physician is employed to cure and has a greater opportunity to understand and observe a claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

Cir. 1989).

Nevertheless, the ALJ is not bound by the opinion of the treating physician. *Smolen*, 80 F.3d at 1285. If a treating physician's opinion is uncontradicted, the ALJ must provide clear and convincing reasons for giving it less weight. *Lester*, 81 F.3d at 830. If the treating physician's opinion is contradicted by other opinions, the ALJ must provide specific and legitimate reasons supported by substantial evidence for rejecting it. *Id.* Likewise, the ALJ must provide specific and legitimate reasons supported by substantial evidence in rejecting the contradicted opinions of examining physicians. *Id.* at 830-831. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 751. The opinion of a non-examining physician, standing alone, cannot constitute substantial evidence. *Widmark v. Barnhart*, 454 F.3d 1063, 1067 n.2 (9th Cir. 2006); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999); *see also Erickson v. Shalala*, 9 F.3d 813, 818 n.7 (9th Cir. 1993).

Having duly reviewed the record and the parties' papers, the court finds that the ALJ properly considered the opinions of Dr. Simonian, Dr. Solomon, and Dr. Colsky in formulating his RFC assessment of plaintiff.

**Examining Physician Dr. Stephan Simonian**

On September 20, 2011, Dr. Simonian, a psychiatrist, examined plaintiff. AR at 259-264. The only medical record available for Dr. Simonian to review was a questionnaire with plaintiff's responses. *See id.* at 259. Plaintiff stated he suffered from paranoia and psychiatric illness and was suicidal at times. *Id*. He reported being in prison on eight occasions for a total of sixteen years, and was last released in 2008. *Id*. at 261. He first saw a psychiatrist in 1996 during one of those periods of incarceration. *Id*. at 260. He also reported a history of alcohol

and drug abuse, which he claimed ended in 2006 when he last began a prison sentence. *Id*. at 260-261. Dr. Simonian noted that plaintiff was currently prescribed 40 mg of Prozac and 5 mg of Haldol at night. *Id*. at 260.

During the examination, Dr. Simonian observed that plaintiff had: normal speech; coherent thinking; intact and average memory, comprehension, abstract thinking and intellectual functioning; no active hallucinations, delusional thinking, or suicidal or homicidal tendencies; and a labile mood. *Id*. at 261. Dr. Simonian diagnosed plaintiff with a mood disorder, not otherwise specified, with psychotic features in partial remission and the drug and alcohol abuse also in remission. *Id.* at 262. Dr. Simonian opined that plaintiff had no limitations in his ability to understand, remember, and carry out simple one or two-step, as well as detailed and complex, job instructions. *Id.* at 263. Dr. Simonian opined that plaintiff was moderately limited in his ability: to relate and interact with supervisors, co-workers, and the public; to maintain concentration and attention on a consistent basis; to adapt to the stresses common to a normal work environment; to maintain regular attendance in the work place and perform work activities on a consistent basis; and to perform work activities without special or additional supervision. *Id.*

**Non-examining Physician Dr. Patrice Solomon**

On September 28, 2011, Dr. Patrice Solomon, a state agency psychiatric consultant, performed an initial review of plaintiff's medical records. *Id.* at 42-56. Dr. Solomon opined that plaintiff had no understanding and memory limitations, nor any limitations in sustained concentration and persistence. *Id*. at 52. Regarding plaintiff's social interaction, Dr. Solomon concluded plaintiff was moderately limited in his ability: to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; and to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. *Id*. Dr. Solomon noted that plaintiff was not significantly

limited in his ability: to ask simple questions or request assistance; to maintain socially appropriate behavior; and to adhere to basic standards of neatness and cleanliness. *Id*. Dr. Solomon opined that despite plaintiff's impairments, he retained the ability to perform unskilled work but would do best in a nonpublic setting. *Id*. at 52-54.

**Non-examining Physician Dr. L. Colsky**

On March 16, 2012, Dr. L. Colsky, also a state agency psychiatric consultant, performed a review of plaintiff's medical records at the reconsideration level. *Id.* at 57-71. Dr. Colsky's findings mirrored those of Dr. Solomon, except regarding two ratings of plaintiff's social interaction limitations. *Compare id.* at 67 *with id*. at 52. In particular, Dr. Colsky opined that plaintiff was not significantly limited in his ability: to accept instructions and respond appropriately to criticism from supervisors; and to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. *Id*. at 67. Dr. Solomon had found moderate limitations in both areas. *Id*. at 52. Dr. Colsky also concluded that plaintiff would do best in a nonpublic setting but retained the ability to perform unskilled work. *Id*. at 67, 69.

**The ALJ's Findings**

The ALJ reviewed the medical evidence, plaintiff's treatment records, assessments of the examining and non-examining physicians, a function report from plaintiff's friend, and plaintiff's own testimony. *Id*. at 20-24. The ALJ then concluded that plaintiff had the severe impairments of schizophrenia, cannabis abuse, and alcohol and polysubstance dependence, and determined that plaintiff had the exertional RFC to perform a full range of medium work. *Id*. at 19, 25. Regarding plaintiff's nonexertional limitations, the ALJ found that plaintiff can understand and remember tasks, sustain concentration and persistence, socially interact with the general public, co-workers, and supervisors, and adapt to

workplace changes "frequently enough" to perform unskilled, low stress jobs that require simple instructions. *Id*. at 22. In so finding, the ALJ stated he gave "substantial weight" to, among others, the opinions of Dr. Simonian and the "state agency medical and psychiatric opinions," which included the assessments from Dr. Solomon and Dr. Colsky. *Id*. at 24.

Plaintiff argues the ALJ implicitly rejected these three physicians' opinions by aligning them with the RFC assessment, when in fact their opinions reached different conclusions from the ALJ regarding plaintiff's nonexertional limitations. P. Mem. at 6 n.2, 7. Specifically, plaintiff contends the ALJ's finding that plaintiff could perform low stress work with simple instructions contradicts Dr. Simonian's opinion that plaintiff is moderately limited in his ability to interact with supervisors, co-workers, and the public. *Id*. at 6; AR at 22, 263. In addition, plaintiff implies the ALJ found him to have no limits in maintaining regular attendance and performing workplace activities without special or additional supervision, despite Dr. Simonian's opinion that he was moderately limited in those areas, because the RFC assessment does not explicitly address those responsibilities. P. Mem. at 6; *see* AR at 22, 263. Plaintiff further claims that, notwithstanding the ALJ's assertion that he gave "substantial weight" to "the State agency physicians [who] opined that [plaintiff] could not perform work in the public," citing the opinions of Dr. Solomon and Dr. Colsky, the ALJ in fact "found the exact opposite." P. Mem. at 6 n.2; *see* AR at 48, 67. Plaintiff therefore argues this implicit rejection of the three opinions allows the court to credit as true Dr. Simonian's opinion as an examining physician, which, according to plaintiff, would mandate a finding that he is disabled. P. Mem. at 7-8.

The court is not persuaded by plaintiff's attempt to create conflict between the physicians' opinions and the ALJ's RFC assessment. Rather, the court finds the ALJ's determination of plaintiff's nonexertional limitations in the RFC was

supported by substantial evidence that appropriately incorporated and, in fact, accepted the opinions from the three physicians plaintiff has noted.

It is true that an ALJ's failure to include limitations noted by a physician may constitute an implicit rejection of that physician's opinion. *See Smolen*, 80 F.3d at 1286 ("By disregarding [plaintiff's treating physicians'] opinions and making contrary findings, [the ALJ] effectively rejected them."). "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *see also* Social Security Ruling ("SSR") 96–6p,[3] 1996 WL 374180, at *2 (stating that an ALJ "may not ignore" the opinions of state agency medical consultants "and must explain the weight given to the opinions in their decisions").

Nonetheless, "an ALJ's incorporation of an examining physician's findings into his overall analysis of the record in order to formulate a claimant's RFC does not require the ALJ to include verbatim each and every limitation as set forth by each and every opinion considered." *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding the ALJ's RFC "adequately captures [specific] restrictions related to concentration, persistence, or pace where the assessment is consistent with [general] restrictions identified in the medical

---

[3] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan*, 246 F.3d at 1203 n.1 (internal citations omitted).

testimony"); *Redd v. Astrue*, 2012 WL 846458, at *3 (C.D. Cal. Mar. 13, 2012) (holding the ALJ's limitations to workplace stress and ability to maintain concentration "were adequately captured by an RFC assessment restricting Plaintiff to simple repetitive tasks with only occasional interaction with the public, coworkers, and supervisors"). Thus, here, the ALJ's failure to expressly include each of Dr. Simonian's separate findings in his RFC determination does not amount to implicit rejection of Dr. Simonian's opinion.

The ALJ thoroughly discussed plaintiff's examination with Dr. Simonian and summarized the areas in which Dr. Simonian found plaintiff to be either moderately limited or not limited at all. AR at 20. A claimant with a moderate nonexertional limitation is still able to function satisfactorily, and therefore the ALJ's limitation of plaintiff to unskilled and low stress jobs with simple instructions adequately accounted for the moderate limitations found in Dr. Simonian's opinion, as well as the opinions offered by Dr. Solomon and Dr. Colsky. *See Stubbs-Danielson*, 539 F.3d at 1174 (concluding ALJ's finding that claimant could perform "simple tasks" adequately accounted for "moderate" limitation in ability "to perform at a consistent pace without an unreasonable number of rest periods" and "several moderate limitations in other mental areas"); *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007) ("We have not previously held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation."); *Lacroix v. Barnhart*, 465 F.3d 881, 888 (8th Cir. 2006) (affirming ALJ despite doctor's finding of mentally based "moderate limitations in the ability to respond appropriately to work pressures" because "moderate ranking means that the individual is still able to function satisfactorily"); *Edelbrock v. Comm'r Soc. Sec. Admin.*, 2013 WL 1622446, at *6 (E.D. Cal. Apr.15, 2013) ("Significantly, a limitation to simple tasks incorporates moderate limitations in

several areas of cognitive functioning.”).

For these reasons, the ALJ’s RFC assessment also adequately accounts for both Dr. Solomon and Dr. Colsky’s opinion that plaintiff “would do best in [a nonpublic] work setting” and that plaintiff was moderately limited in his ability to interact appropriately with the general public. AR at 52, 67. As noted above, a moderate limitation in a certain area does not require the ALJ to find that plaintiff has no ability to function at all in that area. Indeed, although the ultimate issue of disability is reserved for the Commissioner, it is nonetheless noteworthy that despite a finding of moderate limitations in some areas of social interaction, both physicians determined plaintiff was not disabled and not precluded from all work. *Id*. at 54, 70. And although Dr. Solomon and Dr. Colsky found plaintiff to be moderately limited in interacting with the public, they also found he did not have any limitations in understanding, memory, sustained concentration, or persistence, and that he was not significantly limited in other areas of social interaction. *Id*. at 52, 67. Thus, the record does not support plaintiff’s assertion that the ALJ improperly rejected the opinions of Dr. Solomon and Dr. Colsky by limiting plaintiff to unskilled and low stress work simply because they both opined that plaintiff “would do best” in a nonpublic work setting. *Id*.

Accordingly, the court finds that the ALJ did not in fact reject the opinions of Dr. Simonian, Dr. Solomon, or Dr. Colsky. The ALJ’s RFC assessment appropriately incorporates the nonexertional limitations offered in these opinions, as well as other relevant medical evidence plaintiff did not dispute here. As such, there was substantial evidence supporting the ALJ’s findings, and the ALJ did not err.

//

//

## V.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: September 11, 2015



SHERI PYM
United States Magistrate Judge